Name  AUSA Eli Alcaraz

Address  3403 Tenth Street, Suite 200

City, State, Zip  Riverside, CA 92501

Phone  (951) 276-6938

Fax  (951) 276-6202

E-Mail  Eli.Alcaraz@usdoj.gov

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☐ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), | EDCR 21-105-JGB-14 |
| v. | |
| ROBERT DOMINIC GARCIA | **NOTICE OF APPEAL** |
| DEFENDANT(S). | |

NOTICE IS HEREBY GIVEN that _____ United States of America _____ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☒ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   Order Denying Motion in Limine; CR No. 742; Filed on
   10-5-23
☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _____ 10-5-23 _____. Entered on the docket in this action on 10-5-23 _____.

A copy of said judgment or order is attached hereto.

| 10-6-23 | s/ Eli Alcaraz |
|---|---|
| Date | Signature |
| | ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk |

**Note:**   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CRIMINAL MINUTES—GENERAL

| Case No. | **EDCR 21-0105 JGB** | | Date | October 5, 2023 |
|---|---|---|---|---|

| Title | ***United States v. Timoteo Gomez, et al.*** |
|---|---|

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   Minute Order: (1) GRANTING Garcia's Joinder in Galicia's Opposition to the Government's Motion in Limine to Permit Presentation of Charged Conspiracy Evidence (Dkt. No. 728); (2) DENYING the Government's Motion in Limine to Permit Presentation of Charged Conspiracy Evidence (Dkt. No. 718); and (3) DENYING AS MOOT Galicia's Motion in Limine (Dkt. No. 723)**

Before the Court is the Government's motion in limine to permit presentation of charged conspiracy evidence. ("Motion," Dkt. No. 718.) Robert Garcia moves to join Robert Galicia's opposition to that Motion. ("Motion to Join," Dkt. No. 728.) Also before the Court is Robert Galicia's separate motion in limine to exclude certain other acts evidence. ("Galicia Motion in Limine," Dkt. No. 723.) After considering all papers filed in support of and in opposition to the motions, and oral argument, the Court **GRANTS** Garcia's request to join in Galicia's opposition, **DENIES** the Government's motion in limine, and **DENIES AS MOOT** Galicia's motion in limine.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The indictment in this matter charges 19 individuals, including defendants Robert Galicia and Robert Garcia, for their alleged roles in a drug conspiracy and, for certain defendants, for their roles in other substantive crimes. ("Indictment," Dkt. No. 1.) On September 12, 2023, the Court granted Galicia and Garcia's motion to sever their trial from that of Javier Rodriguez, the only other defendant who faces trial in this matter. (Dkt. No. 706.) Multiple drug transactions are alleged in the Indictment as part of the underlying conspiracy, but Galicia and Garcia are each

**CRIMINAL MINUTES—
GENERAL**

Initials of Deputy Clerk <u>mg</u>

implicated in only one such transaction, which occurred on July 29, 2020.  (See Indictment at ¶¶ 31–33.)

On September 22, 2023, the Government filed a motion in limine to permit presentation of charged conspiracy evidence.  (Motion.)  The Government does not seek to present all evidence in its possession concerning the broader conspiracy alleged in the Indictment; it asks only to present the following:

> At the center of the charged conspiracy are Timoteo Gomez and Rodriguez. Generally, Gomez and Rodriguez purchased methamphetamine from international and domestic suppliers.  Initially, Gomez provided pound quantities of methamphetamine to Rodriguez, and Rodriguez would distribute them, sometimes within days, using his network of associates.  After Gomez and Rodriguez had an encounter with law enforcement, the two distanced themselves some, only for Rodriguez to reapproach Gomez in the Spring of 2020 and explain that Rodriguez had an additional source of methamphetamine and that Rodriguez was now able to better stay out of the focus of law enforcement because he "didn't touch" the methamphetamine anymore.  Instead, he relied more heavily on other people to distribute for him.
>
> [Garcia and Galicia] were such people, as alleged in Overt Acts 31-33 of the Indictment.  There was no methamphetamine seizure on July 29, 2020 (and the United States does not need to prove a seizure because [Garcia and Galicia] are not charged in a substantive count).  The United States plans to prove, though, that when [Garcia and Galicia] went to Rodriguez's home on July 29, 2020, to get methamphetamine to further distribute, there was actually methamphetamine to pick up.  For example, a little over a week before [Garcia and Galicia] went to Rodriguez's home, on July 20, 2020, Rodriguez, through his associates, got 10 pounds of methamphetamine.  A day later, one of Rodriguez's associates was arrested with more than three pounds of methamphetamine shortly after leaving Rodriguez's home.  On July 23, 2020, one of Rodriguez's associates sold Rodriguez three pounds of methamphetamine.  [Garcia and Galicia] were the next step in this hub-and-spoke conspiracy.

(Motion at 3–4.) (internal citations omitted).  The Government contends this evidence "helps prove the charged conspiracy" and "gives context for [Garcia and Galicia's] overt acts committed in furtherance of the charged conspiracy."  (Id. at 4.)

**CRIMINAL MINUTES— GENERAL**

Initials of Deputy Clerk mg

On September 29, 2023, Robert Galicia filed an opposition to the Government's motion. ("Opposition," Dkt. No. 726.)  Robert Garcia moved to join that opposition on September 29, 2023.[1]  (Motion to Join.)

On September 23, 2023, Robert Galicia filed a motion in limine to exclude certain other-acts evidence.  (Dkt. No. 723.)  On September 30, 2023, the Government moved to dismiss count one of the Indictment without prejudice as to Robert Galicia.  (Dkt. No. 729.)  The Court orally granted the Government's motion to dismiss as to Robert Galicia during the October 2, 2023 status conference.  Because Robert Galicia is no longer a defendant in this case, the Court **DENIES AS MOOT** Galicia's motion in limine, Dkt. No. 723.

Trial is currently set for October 10, 2023, at 9:00 a.m.

## II. LEGAL STANDARD

Motions in limine are a well-recognized judicial practice based in "the court's inherent power to manage the course of trials."  Luce v. United States, 469 U.S. 38, 41 n.4 (1984).  Regardless of its initial decision on a motion in limine, a court may revisit the issue at trial.  See Fed. R. Evid. 103, advisory comm. note to 2000 Amendment ("Even where the court's ruling is definitive, nothing in the amendment prohibits the court from revisiting its decision when the evidence is to be offered.");  Luce, 469 U.S. at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").  "[A] ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court."  United States v. Bensimon, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing Luce, 469 U.S. at 41–42).

"Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence."  United States v. Vellejo, 237 F.3d 1008, 1015 (9th Cir. 2001).  "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"  Id. (quoting Fed. R. Evid. 401).  However, the Court has wide discretion to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403 ("Rule 403").  Unfair prejudice "refers to an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one or evidence designed to elicit a response from the jurors that is not justified by the evidence."  United States v. Ellis, 147 F.3d 1131, 1135 (9th Cir. 1998) (internal quotations omitted).

---

[1] Garcia filed his motion to join twice.  The first included an unexecuted attorney declaration (see Dkt. No. 727); the second corrected this error and attached an executed version of the same attorney declaration.  (See Dkt. No. 728.)  The Court thus rules on Dkt. No. 728.

**CRIMINAL MINUTES—
GENERAL**

Initials of Deputy Clerk mg

Federal Rule of Evidence 404(b) ("Rule 404(b)") provides that evidence of "other crimes, wrongs, or acts" is inadmissible to prove character or criminal propensity but is admissible for other purposes, such as proof of intent, plan, or knowledge. Fed. R. Evid. 404(b). "Even if other act evidence is admissible, it remains subject to the general balancing test concerning whether its 'probative value is substantially outweighed by a danger of ... unfair prejudice.'" United States v. Carpenter, 923 F.3d 1172, 1181 (9th Cir. 2019) (quoting Fed. R. Evid. 403).

Rule 404(b) "is inapplicable, however, where the evidence the government seeks to introduce is directly related to, or inextricably intertwined with, the crime charged in the indictment." United States v. Lillard, 354 F.3d 850, 854 (9th Cir. 2003); see also United States v. Williams, 989 F.2d 1061, 1070 (9th Cir. 1993) ("Evidence should not be considered 'other crimes' evidence when the evidence concerning the other act and the evidence concerning the crime charged are inextricably intertwined.") (internal quotation marks and citations omitted). Generally, evidence is "inextricably intertwined" with the underlying offense, and thus admissible despite Rule 404(b), if it falls in one of two categories: (1) evidence that "constitutes a part of the transaction that serves as a basis for the criminal charge," or (2) evidence that is "necessary ... in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." Carpenter, 923 F.3d at 1181 (9th Cir. 2019) (citing United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir. 1995)).

## III. DISCUSSION

The Government requests that it be permitted to introduce evidence beyond Garcia's alleged overt acts—specifically, the existence and structure of the methamphetamine distribution conspiracy as alleged in the Indictment. According to the Government, Rule 404(b) does not apply to exclude such evidence because either (1) the acts are inextricably intertwined with the crime charged, or (2) evidence concerning the operation of the conspiracy in which Garcia is charged is not Rule 404(b) evidence at all, as it is not some "other" act—it is *the* act at issue. (See Mot. at 12.) Garcia agrees with the Government that evidence of the broader conspiracy is not Rule 404(b) evidence at all, though for a different reason: according to Garcia, Rule 404(b) concerns "other acts" performed *by the accused*, not by others. (See Opposition at 6–7.) Under Garcia's reading, then, the "inextricably intertwined" exemption does not apply because Rule 404(b) does not apply. Instead, evidence of conduct performed by other individuals, and which occurred before Garcia even allegedly joined the conspiracy, should be excluded because it is irrelevant, and even if it were relevant, it is of such limited probative value that it is substantially outweighed by the danger of unfair prejudice. (Id. at 3–6.)

In the first instance, the Court agrees that evidence of the broader conspiracy is not other acts evidence subject to Rule 404. The many Ninth Circuit cases cited by the Government which examine the nexus between conspiracy charges and the "inextricably intertwined" Rule 404(b) exemption all concern *the accused's* uncharged conduct, not the conduct of others. See, e.g., United States v. Rizk, 660 F.3d 1125, 1131 (9th Cir. 2011) (evidence regarding 96 transactions

**CRIMINAL MINUTES—GENERAL**   Initials of Deputy Clerk mg

with which *defendant was allegedly involved* admissible, though only a subset of those transactions were referenced in indictment); United States v. Williams, 989 F.2d 1061, 1070 (9th Cir. 1993) (evidence regarding drug transactions *involving defendants* which predated the charged conspiracy admissible); United States v. Bonanno, 467 F.2d 14, 17 (9th Cir. 1972) (evidence regarding *defendant's prior efforts* to collect debts from other individuals admissible in case concerning separate debt collection); United States v. Ripinsky, 109 F.3d 1436, 1442 (9th Cir. 1997) (evidence of *defendants' efforts* to fraudulently divert money from certain fund admissible though those efforts were not referenced in indictment); United States v. Loftis, 843 F.3d 1173, 1175 (9th Cir. 2016) (evidence regarding *defendants'* uncharged conduct which occurred in other states not referenced in indictment admissible); United States v. Soliman, 813 F.2d 277, 279 (9th Cir. 1987) (evidence of employee's mail fraud admissible against defendant who supervised employee and also committed mail fraud in similar fashion, because evidence indicated defendant was culpable for employee's mail fraud). Those cases make clear that the "inextricably intertwined" exemption exists because "the policies underlying [Rule 404(b)] are simply inapplicable when some offenses committed in a single criminal episode become 'other acts' because the defendant is indicted for less than all of *his* actions." Williams, 989 F.2d at 1070 (emphasis added).

The Court agrees with those decisions insofar as they stand for the proposition that *a defendant's* uncharged acts may be inextricably intertwined with an overarching conspiracy even though they are not referenced in the indictment. But this is not a situation where Garcia was indicted for "less than all of his actions" and the Government merely seeks to offer additional evidence of Garcia's conduct which, though uncharged, is nonetheless relevant to the charged conspiracy. Here, the Government would offer evidence of specific transactions in which Garcia plainly had no role and that took place before Garcia is alleged to have joined the conspiracy. Because Rule 404(b) concerns other acts committed by the accused, and not by others, that Rule is inapplicable here. See Huddleston v. United States, 485 U.S. 681, 689 (1988) ("[S]imilar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that *the defendant* was the actor.") (emphasis added). !

The Government's second (and more compelling) argument for admissibility is that evidence concerning the operation of the broader conspiracy is imperative to the jury's understanding of the crime with which Garcia is charged—that is, participation in that very same conspiracy. (See Mot. at 8, 11–13.) In other words, the evidence the Government seeks to present is relevant and not unduly prejudicial. The Government points out that limiting the evidence to only the July 29, 2020 transaction would "limit the jury's understanding of the conspiracy to a single evening" and may result in the jury "thinking that [Garcia is] only charged with participating in an alleged conspiracy that took place entirely on July 29, 2020." (See id. at 11.) In the opinion of the Government, because it alleges that Garcia knowingly associated with and participated in the broader hub-and-spoke drug distribution operation led by Rodriguez, the

---

jury can only properly evaluate that claim if they hear evidence about the broader conspiracy.[2] (Id. at 12.)

Garcia responds that this evidence is irrelevant and highly prejudicial, as Garcia had no role in any prior transaction the Government alleges and is not alleged to have been a member of the conspiracy at the time they occurred.  (Opposition at 3.)  According to Garcia, the introduction of the evidence of other transactions in which Garcia was not involved is designed to "elicit a response from jurors that is not justified by the evidence."  (See Opposition at 5 (quoting United States v. Ellis, 147 F.3d 1131, 1135 (9th Cir. 1998).)  Were the evidence to be admitted, the jury might convict Garcia based on unrelated acts committed by other individuals before Garcia was even alleged to have joined the conspiracy—an impermissible finding of "guilt by association."  (See Opposition at 6 (quoting Mitchell v. Prunty, 107 F.3d 1337, 1342 (9th Cir. 1997), overruled in part on other grounds by Santamaria v. Horsley, 133 F.3d 1242 (9th Cir. 1998).)

The Court concludes that the evidence is likely relevant to the broader conspiracy with which Garcia is charged, if only because the bar for relevance under Rule 401 is low.  See United States v. Miranda-Uriarte, 649 F.2d 1345, 1353 (9th Cir. 1981) ("The standard of relevancy is not strict" and requires that the evidence have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable…").  As the Government explains, admitting evidence of alleged drug transactions which preceded the July 29, 2020 transaction involving Garcia would allow the Government to prove "there was actually methamphetamine to pick up" when Garcia visited Rodriguez's home.  (Motion at 4.)  The Government also contends that evidence of the broader conspiracy is relevant in proving that the charged conspiracy existed, and that Garcia's actions are consistent with being a member of the conspiracy as charged—that is, a hub-and-spoke drug distribution conspiracy with Rodriguez at the helm.  (Id. at 7.)

Although arguably relevant, the probative value of placing some quantity of methamphetamine at Rodriguez's home prior to Garcia's July 29, 2020 visit to that location is meager in comparison to the unfair prejudice associated with the admission of evidence

---

[2] The Government spills considerable ink over the question of whether Garcia can properly assert a buyer-seller defense, which, put simply, is the principle that a drug conspiracy charge cannot rest on the mere sale of drugs, and instead requires proof of an agreement to commit a crime beyond sale.  (Mot. at 3, 9–12); see United States v. Lennick, 18 F.3d 814, 819 (9th Cir. 1994).  This issue is not pertinent to the admissibility of the evidence the Government seeks to offer and is therefore irrelevant to the resolution of this evidentiary dispute.  The Court will instead take up that question in connection with resolving disputes concerning jury instructions.  (See Dkt. Nos. 733, 734.)

**CRIMINAL MINUTES—GENERAL**    Initials of Deputy Clerk mg

concerning multiple drug transactions with which Garcia himself is not alleged to be involved. See Old Chief v. United States, 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."). Conspiracy requires more than association; it requires the Government prove the defendant "had *knowledge* of the conspiracy and acted in furtherance of it."  United States v. Messer, 197 F.3d 330, 341 (9th Cir. 1999) (emphasis in original).  But the Government does not allege that Garcia was involved in the conspiracy when those transactions occurred, nor does it allege that Garcia was even aware of those transactions.  The probative value of evidence concerning specific drug transactions with which Garcia was unarguably uninvolved (and indeed, unaware of) is minimal.

In fact, the introduction of such evidence could cause the jury to draw improper inferences.  First, the jury might conclude that because Garcia visited Rodriguez's home after the alleged drug transactions, he knew of or somehow aided in those transactions.  But the Government has no such evidence.  Second, the jury might also draw impermissible character inferences based on Garcia's mere association with Rodriguez's home, and, by extension, those who visited the home before him.  Either of these inferences would result in an improper "guilt by association" conviction.  See Kennedy v. Lockyer, 379 F.3d 1041, 1056 (9th Cir. 2004) (explaining that evidence of gang membership is often impermissible and prejudicial because it implies guilt by association).  The Government does not allege that Garcia knew about the prior drug transactions, and evidence regarding those transactions is thus more prejudicial than probative and must be excluded under Rule 403.

The same reasoning applies with respect to evidence regarding the relationship between Rodriguez and Gomez, and Rodriguez's statement that he "was now able to better stay out of the focus of law enforcement because he 'didn't touch' the methamphetamine anymore." (Motion at 4.)  The Government does not contend that Garcia was aware of or involved in this or any similar conversation with Rodriguez.  The only probative value the Government assigns to this evidence is that it aids the Government in helping "prove the charged conspiracy, and gives context for [Garcia's] overt acts committed in furtherance of the charged conspiracy."  (Id.)  According to the Government's interpretation of Ninth Circuit precedent, the evidence at issue is admissible because the Government "may submit proof on the full scope of the conspiracy; it is not limited its proof to the overt acts alleged in the indictment."  (Id. (quoting Rizk, 660 F.3d at 1131).  But as explained above, the cases cited by the Government concern the conduct of *the accused*, not the conduct of others; as such, they are inapplicable here.

The Government chose to charge 19 individuals, including Garcia, in one conspiracy count.  This decision does not justify the admission of evidence wholly unrelated to Garcia's own

conduct which precedes the date the Government alleges Garcia joined the conspiracy.  Again, conspiracy requires more than association.  Permitting the Government to introduce this evidence would encourage the jury to infer Garcia's guilt based on Rodriguez's actions and statements, not his own.  The Court therefore excludes this evidence under Rule 403 and **DENIES** the Government's motion.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Garcia's request to join Galicia's opposition, **DENIES** the Government's motion in limine, and **DENIES AS MOOT** Galicia's motion in limine.

**IT IS SO ORDERED.**